UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSSEF SHAPOUR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, Department of Transportation<br><br>　　　　　Defendant. | Case No.:  No.  1:13-cv-1682 AWI-BAM<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR  APPOINTMENT OF COUNSEL |

This action now proceeds on  Plaintiff Youssef Shapour's ("Plaintiff") original Complaint, filed on October 18, 2013, against Defendant the State of California Department of Transportation ("Defendant") for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e.  (Doc. 1).  On October 23, 2013, Plaintiff filed the instant motion seeking the appointment of counsel.  (Doc. 6).

**REQUEST FOR COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc) and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern District*

*of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.*  (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar employment discrimination cases almost daily.  Although Plaintiff is concerned about his ability to litigate this matter, this is not sufficient basis for the appointment of counsel.  Plaintiff is required by the Local Rules to notify the court and opposing parties of his current address to ensure that he receives service of all orders and papers in this matter.  Local Rule 183(b).  Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  *Rand*, 113 F.3d at 1525.

For these reasons, Plaintiff's request for the appointment of counsel shall be denied without prejudice.

## CONCLUSION AND ORDER

Based on the above, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **December 10, 2013**            /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE