UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSSEF SHAPOUR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, Department of Transportation ,<br><br>　　　　　Defendant. | No. 1:13-cv-1682 AWI-BAM<br><br>**FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Doc. 8)** |

　　　　On December 6, 2013, Plaintiff Youssef Shapour ("Plaintiff"), proceeding *pro se* in this employment discrimination action, filed a motion for default judgment against the State of California, Department of Transportation ("Defendant or Caltrans"). (Doc. 8). Based on the reasons below, Plaintiff's Motion for Default Judgment should be DENIED. (Doc. 8).

　　　　To obtain a default judgment under Rule 55 of Federal Rules of Civil Procedure, a party must follow a sequential two-step process: (1) obtain entry of default from the Clerk of the Court pursuant to Rule 55(a); and (2) move the Court for a default judgment in accordance with Rule 55(b). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing this two-step process). Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend [ . . . ] the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Default judgment is generally disfavored, and a court should, whenever

possible, decide a case on the merits. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002).

On November 22, 2013, Plaintiff requested that the Clerk of Court enter default against Defendant. The Court declined to enter default because Plaintiff did not establish that Defendant failed to appear after being properly served with process under the Federal Rules of Civil Procedure.  While Plaintiff now moves for default judgment against Defendant, an entry of default judgment is not warranted.  Plaintiff has not obtained an entry of default prior to seeking entry of default judgment, as required by Fed. R. Civ. P. 55(a). Therefore, Plaintiff's motion for default judgment should be denied as premature.

For these reasons, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Default Judgment be DENIED.

These Findings and Recommendations will be submitted to the district judge pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Fed. R. Civ. P. 72(b); Local Rule 304(b). The document should be captioned Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 19, 2013**             /s/ *Barbara A. McAuliffe*            _
                                                                                    UNITED STATES MAGISTRATE JUDGE

2