UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSSEF SHAPOUR,<br><br>                Plaintiff,<br><br>        v.<br><br>STATE OF CALIFORNIA, Department of Transportation ,<br><br>                Defendant. | No.  1:13-cv-1682 AWI-BAM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT** |

On November 22, 2013, Plaintiff Youssef Shapour ("Plaintiff"), proceeding *pro se* in this employment discrimination action, filed a motion for entry of default against the State of California, Department of Transportation ("Defendant or Caltrans").  (Doc. 7).  Plaintiff asks the Court to enter default against Defendant because Caltrans has not responded to the Complaint within twenty-one days of service.  Based on the reasons below, Plaintiff's Motion for Entry of Default is DENIED.  (Doc. 7).

**PROCEDURAL BACKGROUND**

Plaintiff commenced this action on October 18, 2013 against the State of California, Department of Transportation.  (Doc. 1).  On October 21, 2013, this Court issued a summons as to the State of California. (Doc. 2).  According to Plaintiff's motion, Defendant was served with the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure at the

1

Department of Transportation headquarters on October 28, 2013. Plaintiff did not file a return of service regarding service of the summons, however, on November 22, 2013, Plaintiff filed a motion for entry of default indicating that Defendant's answer was due no later than November 19, 2013. (Doc. 7). To date, Defendant has not filed a responsive pleading or otherwise responded to Plaintiff's motion.

## LEGAL STANDARD

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. *See* Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A).

Before a default will be entered, the court clerk must be satisfied from Plaintiff's request and accompanying documentation that (1) defendant has been served with the summons (or has agreed to waive service); (2) the time allowed by law for responding has expired; (3) defendant has failed to file a pleading or motion permitted by law; and (4) defendant is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1); *see First American Bank, N.A. v. United Equity Corp*. 89 F.R.D. 81, 86 (D.C.D.C. 1981).

## DISCUSSION

Plaintiff argues that the clerk should enter default because Defendant failed to plead or otherwise defend against this action in a timely manner.

**A.   Service of Process on a Public Entity**

Under Federal Rule of Civil Procedure 4(j)(2), a plaintiff may serve a "state, a municipal corporation, or any other state-created governmental organization" by

(A)   delivering a copy of the summons and of the complaint to its chief executive officer; or

(B)   serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Under California law, service is effected on a municipality by delivery of summons and complaint to the "clerk, secretary, president, presiding officer, or other head of its body." Cal. Civ. Proc. Code § 416.50 (Deering 2006). Service is proper when:

(1)   The summons is personally served. *Id.* § 415.10;

(2)   The summons is left "during usual office hours in his or her office … with the person who is apparently in charge … thereafter mailing a copy of the summons and complaint." *Id.* § 415.20(a); or

(3)   The summons is sent by first-class mail to the designated individual, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender. *Id.* § 415.30.

### B.   **Insufficient Service of Process**

Plaintiff has failed to demonstrate to the satisfaction of the Court that Defendant was properly served with process in this action under Rule 4(j)(2) and state law. A review of Plaintiff's Proof of Service reveals that the summons and complaint were served on October 28, 2013, by certified mail on the California Department of Transportation at 1120 N Street Sacramento, California 95814. While the California Code of Civil Procedure provides for service by mail, this service is "valid only if a signed acknowledgment is returned" to the sender by the defendant within 20 days of the mailing of the summons and complaint. *See Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994); Cal. Code Civ. P. § 415.30; *see also Tandy Corp. v. Superior Court*, 117 Cal. App. 3d 911, 913 (1981) (holding certified mail postal service return receipts do not "suffice as a substitute for an executed acknowledgment of receipt of summons."). As Plaintiff has made no showing that such signed acknowledgment was returned by Defendant, service has not been accomplished. *See id.*

Moreover, in order to effectuate service of process by mail, a Plaintiff must mail a copy of the summons and complaint, two copies of a notice and acknowledgment of receipt form, and a return envelope, postage prepaid, addressed to the sender. Cal. Code Civ. Pro. § 415.30(a). Plaintiff's proof of service indicates that he mailed only a copy of the summons and complaint. Based on the proof of service that Plaintiff has submitted, he has not properly served Defendant under the California rules. Therefore, entry of default would be inappropriate here because there is no evidence that Plaintiff properly served Defendant. Until Plaintiff completes service, the

Court does not have jurisdiction over the defendant. Accordingly, Plaintiff's request for entry of default against Defendant is DENIED. (Doc. 7).

## CONCLUSION

The Court recognizes that Plaintiff is proceeding *pro se* in this action. Plaintiff's status as *pro se* litigant, however, does not excuse him from compliance with the Federal Rules of Civil Procedure. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Plaintiff has the burden of establishing that he accomplished service of process in compliance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(l)(1). Plaintiff is further warned that if a defendant has not been served within 120 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Accordingly, **IT IS HEREBY ORDERED** that the Court:

1. **DENIES** Plaintiff's Motion for Entry of Default; and

2. **GRANTS** Plaintiff 60 days from the date of this ORDER to complete service upon Defendant in accordance with the requirements of Federal Rule of Civil Procedure 4 and the California Code of Civil Procedure. Failure to complete service upon Defendant will result in dismissal. *See* Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated:   **December 19, 2013**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE