1

2

3                    **UNITED STATES DISTRICT COURT**

4                    **EASTERN DISTRICT OF CALIFORNIA**

5

6    **YOUSSEF SHAPOUR,**                    **CASE NO. 1:13-CV-01682**

7              **Plaintiff,**                **ORDER DENYING IN PART AND**
                                             **GRANTING IN PART DEFENDANT'S**
8          **v.**                            **MOTION TO DISMISS FOR LACK OF**
                                             **SUBJECT MATTER JURISDICTION;**
9    **STATE OF CALIFORNIA,**                **TO DISMISS FOR FAILURE TO STATE**
     **DEPARTMENT OF**                       **A CLAIM UPON WHICH RELIEF CAN**
10   **TRANSPORTATION**                       **BE GRANTED; FOR A MORE**
                                             **DEFINITE STATEMENT; AND TO**
11             **Defendants.**               **STRIKE**

12

13

14

15

16                         **I.    Introduction**

17
           On October 18, 2013, *pro se* Plaintiff Youssef Shapour ("Plaintiff"), filed an action against
18
     Defendant California Department of Transportation ("Defendant") under Title VII of the Civil
19
     Rights Act of 1964 ("Title VII"). Plaintiff alleges two causes of action: one for retaliation for
20
     engaging in a protected activity and one for disparate treatment. Doc. No. 1 ("Compl."). On
21
     January 21, 2014, Defendant filed a motion to dismiss the retaliation cause of action for lack of
22
     subject matter jurisdiction and failure to state a claim upon which relief may be granted and to
23
     dismiss the disparate treatment cause of action for failure to state a claim upon which relief can be
24
     granted. Doc. No. 15 ("Motion"). In the alternate, Defendant filed a motion for a more definite
25
     statement and to strike. Doc. No. 15, Motion. On February 10, 2014, Plaintiff filed a response in
26
     opposition to Defendant's motion to dismiss. Doc. No 18. On March 10, 2014, Defendant filed a
27

28

reply brief in support of the motion to dismiss. Doc. No. 26 ("Reply"). Each motion will be

address *infra*.

## II.    Background[1]

Plaintiff began employment at Caltrans at the California Department of Transportation

("DOT") in 1989. Doc. No. 1, Compl. at ¶ 3. Plaintiff was employed as a Material Engineer in the

Fresno Materials Laboratory from January 1999 to March 2009. Doc. No. 1, Compl. at ¶ 3.

Plaintiff is of Middle Eastern origin and is Muslim. Doc. No. 1, Compl. at ¶ 3.

Beginning in the summer of 2007, the Fresno Materials Laboratory became polarized

between Christian-Caucasian employees and Asian, Indian, and Middle Eastern employees. Doc.

No. 1, Complaint at ¶¶ 5-9. Two Caucasian employees played loud Christian music on a daily

basis, "made an issue" about the safety of a microwave and a refrigerator, and complained about

"foreign-born employee[']s" apparel and work habits. Doc. No. 1, Compl. at ¶¶ 6, 8, 9. In March

2008, Plaintiff approached his supervisor for help dealing with the hostile work environment but

was told that an Equal Employment Opportunity ("EEO") complaint had already been filed

against the Caucasian employees. Doc. No. 1, Compl. at ¶ 11. In March and April of 2008,

Caucasian employees filed internal EEO complaints against Plaintiff and his supervisor, also a

foreign-born employee. Doc. No. 1, Compl. at ¶ 12.

In April 2008, a managerial inquiry was conducted to improve the Fresno Materials

Laboratory work environment. Doc. No. 1, Compl. at ¶ 13. On May 5, 2008, a managerial inquiry

consultant interviewed Plaintiff as part of the managerial inquiry. Doc. No. 1, Compl. at ¶¶ 14-18.

In late-May 2008, Plaintiff's supervisor was relocated. Doc. No. 1, Compl. at ¶ 19. Plaintiff's

former supervisor was "eventually separated from state service altogether." Doc. No. 26, Reply at

2. On October 30, 2008, Plaintiff sent an email to numerous managers and supervisors "seeking

---

[1] Motions to dismiss accept as true the background factual allegations alleged in the complaint as required by Rule 12(c) of the Rules of Federal Procedure. The Court does not adjudge these allegations to be true or false, and the Court merely references them as alleged facts.

help," alerting them to "EEO violations by … two Caucasian employees," and "construction management's cover up." Doc. No. 1, Compl. at ¶ 21.

On November 25, 2008, Plaintiff was issued a warning letter "based on internal EEO findings." Doc. No. 1, Compl. at ¶ 24. In "[l]ate November, early December," the acting supervisor conducted a performance appraisal of Plaintiff and indicated that improvement was needed regarding Plaintiff's "Relation with People." Doc. No. 1, Compl. at ¶ 25. On January 12, 2009, Plaintiff's position as Material Engineer was transferred to San Luis Obispo. Doc. No. 1, Compl. at ¶ 25.

Plaintiff submitted an Equal Employment Opportunity Commission ("EEOC") complaint form on January 14, 2009 and an EEO complaint on January 16, 2009. Doc. No. 1, Compl. at ¶¶ 30-31. On February 13, 2009, Plaintiff's "temporary supervisor" spoke with him in an "intimidating manner" regarding the "EEO issues." Doc. No. 1, Compl. at ¶ 33. On July 22, 2013, the EEOC investigation concluded that it was unable to establish that the DOT violated Title VII and issued Plaintiff a right to sue. Doc. No. 1, Compl. Exhibit 1.

Subsequent to filing this suit, Plaintiff has been transferred to another location. Doc. No. 15, Motion at 12.

### III.    Retaliation

Defendant's initial motion to dismiss is replete with accusations that Plaintiff's complaint is unclear and unintelligible. After multiple passes of Defendant's briefs, this Court parsed together Defendant's initial motion to dismiss and reply brief in support thereof to determine Defendant filed motions to dismiss for lack of subject matter jurisdiction for a retaliation claim and failure to state a *prima facie* retaliation claim.

### a.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

This Court interprets Defendant's motion to dismiss and reply brief in support thereof in conjunction to ascertain Defendant's theory. That apparently being that because Plaintiff fails to

show injury in fact, Plaintiff lacks standing. Defendant contends that due to Plaintiff's primary reliance on inferential connections to establish causation and a lack of redressability for requesting relief, *inter alia*, of a reinvestigation of three individuals not party to this suit, Plaintiff's complaint warrants dismissal for lack of subject matter jurisdiction. Doc. No. 15, Motion at 11-12, Doc. No. 26, Reply at 3. Defendant's argument is not persuasive.

### i.  Legal Standard

Federal courts are courts of limited jurisdiction. Complaints are subject to a motion to dismiss where the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff carries the burden of proof of the existence of subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). To satisfy subject matter jurisdiction pleading standards, the Ninth Circuit succinctly explains:

> "To invoke a federal court's subject-matter jurisdiction, a plaintiff needs to provide only 'a short and plain statement of the grounds for the court's jurisdiction.' Fed. R. Civ. P. 8(a)(1). The plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)."

*Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

A defendant may challenge subject matter jurisdiction in one of two ways: through a "facial attack" or a "factual attack." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A facial attack challenges the sufficiency of the plaintiff's allegation to invoke federal jurisdiction whereas a factual attack challenges the truth of the allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014); *Pride v. Correa*, 719 F.3d 1130, 1133 n. 6 (9th Cir. 2013). Here, Defendant challenges the facial sufficiency of Plaintiff's pleading since, in the complaint, the "only…adverse action taken following the inquiry…was against the supervisor, not Plaintiff." Doc. No. 26, Reply at 3. More precisely, "Plaintiff lacks standing to sue for retaliation." Doc. No. 26, Reply at 4.

The district court resolves a facial challenge as it would a Rule 12(b)(6) motion to dismiss

and is limited to considering the allegations in the complaint. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Pro se plaintiffs' complaints are construed liberally and all reasonable inferences are drawn in their favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

### ii.    Authority

District courts have original subject matter jurisdiction in civil actions arising under the laws of the United States. 28 U.S.C. § 1331. Here, Plaintiff alleges two causes of action under Title VII – one for disparate treatment and one for retaliation. Title 42 U.S.C. 2000e-5(f)(3) authorizes District Courts' jurisdiction for enforcing Title VII.

### iii.    Standing

A plaintiff establishes standing by demonstrating a "concrete and particularized" injury, "fairly traceable" to the discriminatory policy, that is "likely" to be "redressed by a favorable decision" of this court. *Breiner v. Nevada Dep't of Corr.*, 610 F.3d 1202, 1206 (9th Cir. 2010) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)); *see also San Luis & Delta-Mendota Water Auth. v. Salazar*, 638 F.3d 1163, 1169 (9th Cir. 2011). As discussed *supra* Plaintiff has made a facial challenge to the sufficiency of Defendant's complaint to prove standing. Again, the district court resolves a facial challenge as it would a Rule 12(b)(6) motion to dismiss and is limited to considering the allegations in the complaint. All reasonable inferences are drawn in favor of the Plaintiff.

A concrete and particularized injury is established by showing an invasion of a legally protected interest. *Bras v. California Pub. Utilities Comm'n*, 59 F.3d 869, 872 (9th Cir. 1995). As discussed, Plaintiff alleges exposure to a concrete injury by suffering adverse employment actions. Plaintiff's complaint alleges specific instances of harm, namely that he received a poor performance evaluation, his position at DOT was transferred to San Luis Obispo, and he was

subject to actions "design[ed] to deter other minority employees from engaging in federally protected activities." Doc. No. 1, Compl. at ¶¶ 25, 28, 41.

Injury is fairly traceable when there is a causal relationship between the injury and the challenged action and the injury is not the result of third party intervention. *Bras v. California Pub. Utilities Comm'n*, 59 F.3d 869, 872 (9th Cir. 1995). The adverse employment actions that Plaintiff challenges were ostensibly the employer's response to Plaintiff engaging in the protected activity of reporting alleged misconduct. Doc. No. 1, Compl. at ¶¶ 11, 21, 31. Viewed in the light most favorable to Plaintiff, injury is fairly traceable to Defendant's actions.

### iv.    Redressability

Redressability sufficient to confer subject matter jurisdiction is satisfactory to confer standing. The likelihood of redress requires only that obtaining relief is not too speculative. *Bras v. California Pub. Utilities Comm'n*, 59 F.3d 869, 872 (9th Cir. 1995). The plaintiff's burden is low and "need only show that there would be a 'change in legal status.'" *Renee v. Duncan*, 686 F.3d 1002, 1013 (9th Cir. 2012) (quoting *Utah v. Evans,* 536 U.S. 452, 464 (2002)). Title 42 U.S.C. § 1981(a)(1) authorizes compensatory and punitive damages as rights of recovery. Plaintiff requested relief of compensatory and punitive damages. Doc. No. 1, Compl. at ¶¶ 42(e),(f). Title 42 U.S.C. § 2000e-5 authorizes courts to enjoin unlawful employment practices and enforce equitable relief. Plaintiff requested equitable relief of a declaration of discriminatory conduct, a transfer within the Department, and time credited to "Plaintiff's actual State service time for the purpose of calculating [P]laintiff's retirement pay…." Doc. No. 1, Compl. at ¶¶ 42(a),(c),(d). All forms of relief would cause a change in Plaintiff's legal status. Therefore, Plaintiff's cause of action is actionable and not moot.

District Courts have jurisdiction for Title VII. Plaintiff has pled a concrete and particular injury fairly traceable to Defendant's actions and a likelihood of redress that would result in a change in Plaintiff's legal status. Determining Plaintiff lacks standing to sue on behalf of the three

other individuals does not impact whether this Plaintiff has individual standing to proceed to vindicate his own rights. Therefore, this Court has subject matter jurisdiction.

**b. *Prima Facie* Retaliation Claim**

Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted for an employment discrimination retaliation claim. Doc. No. 15, Motion at 10, Doc. No. 26, Reply at 4.

**i. Legal Standard**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). In considering a motion to dismiss, District courts are required to accept the complaint's factual allegations as true. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). In turn, factual allegations must plausibly suggest that the plaintiff is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007).

For a complaint to avoid dismissal pursuant to Rule 12(b)(6), the complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007); *Weber v. Department of Veterans Affairs*, 512 F.3d 1178, 1181 (9th Cir. 2008). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 n. 3 (2007). Thus, a Rule 12(b)(6) motion to dismiss should be granted when a plaintiff fails

to nudge his or her claims "across the line from conceivable to plausible." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).

### ii.   *Prima Facie* **Pleading**

"Title VII's antiretaliation provision forbids employer actions that 'discriminate against' an

employee (or job applicant) because he has 'opposed' a practice that Title VII forbids or has

'made a charge, testified, assisted, or participated in' a Title VII 'investigation, proceeding, or

hearing.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006) (quoting 42 U.S.C.

§ 2000e-3). To support a *prima facie* claim of retaliation Plaintiff's pleading must show "that (1)

he engaged in a protected activity; (2) his employer subjected him to an adverse employment

action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v.*

*Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

This Court finds that it is difficult to determine the exact nature of the events alleged in the

complaint. This Court, however, gathers that in late-March 2008, Plaintiff may have participated

in an Equal Employment Opportunity ("EEO") complaint filed by his supervisor. Doc. No. 1,

Compl. at ¶ 11. On October 30, 2008, Plaintiff alleges he sent an email to a Management Inquiry

consultant "seeking help" regarding "EEO violations." Doc. No. 1, Compl. at ¶ 21. Plaintiff

further alleges that he submitted both an "EEOC complaint" and an "EEO complaint" on January

14 and 16, 2009, respectively. Doc. No. 1, Compl. at ¶¶ 30, 31. The late-March 2008, October 30,

2008, and January, 2009 events plausibly constitute engaging in the protected activity of

participating in a Title VII investigation. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S.

53, 59 (2006) (quoting 42 U.S.C. § 2000e-3).

According to the Equal Employment Opportunity Commission ("EEOC"), adverse

employer reactions can include negative evaluations and reprimands. EEOC Compliance Manual,

Section 8(D)(1), "Adverse Action" (1998). The EEOC adverse employment action test also

includes lateral transfers and changes in work schedules. *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000). Though not binding on the courts, EEOC's interpretation of adverse employment reaction is consistent with Ninth Circuit holdings. *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000); s*ee also Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) ("Transfers of job duties and undeserved performance ratings, if proven, would constitute adverse employment decisions" sufficient to establish a prima facie case of retaliation.). Plaintiff's acting supervisor issued him a poor performance evaluation. Doc. No. 1, Compl. at ¶ 25. Plaintiff alleges that on January 12, 2009, his position was transferred from Fresno to San Luis Obispo. Doc. No. 1, Compl. at ¶ 28. Lastly, Plaintiff appears to have been demoted or, at minimal, significant job responsibilities were removed when, after his position was transferred, he was relegated to a "kind of work…not even done by technicians rather by hourly hired student assistants [sic]." Doc. No. 1, Compl. at ¶ 28. Under *Yartzoff* and *Ray*, all of these actions, if proven, constitute adverse employment actions.

Plaintiff contends that the adverse actions were presumably in response to Plaintiff's participation in protected activities. Plaintiff alleges that a temporary supervisor intimidatingly confronted Plaintiff and discouraged him from filing an EEOC complaint. Doc. No. 1, Compl. at ¶ 33. Additionally, Defendant's reaction was "design[ed] to deter other minority employees from engaging in federally protected activities," thereby pleading a causal link. Doc. No. 1, Compl. at ¶ 41.

Viewing the pleading in a light most favorable to a *pro se* plaintiff, Plaintiff has sufficiently pled a cause of action for retaliation.

## IV.   Disparate Treatment

Disparate treatment occurs when, predicated upon a particular trait, an employee receives treatment less favorable than other employees. *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012). The unfavorable treatment must be intentional. *Lewis v. City of Chicago, Ill.*, 560

U.S. 205, 215 (2010). In pertinent part, Title VII's disparate treatment provision provides: "[A]n unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m).

### a.   Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted

Defendant filed a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted asserting Plaintiff's disparate treatment claim is not supported by the facts alleged. Doc. No. 15, Motion at 8. Defendant alleges that Plaintiff does not demonstrate intentional treatment that is less favorable than any other class of employee. Doc. No. 26, Reply at 3. Defendant's argument is persuasive.

### i.   Legal Standard

A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

The complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Weber v. Department of Veterans Affairs*, 512 F.3d 1178, 1181 (9th Cir. 2008). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket

assertion" of entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). A Rule 12(b)(6) motion to dismiss should be granted when a plaintiff fails to nudge his or her claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, "[a]n employment discrimination plaintiff need not plead a *prima facie* case of discrimination" to avoid dismissal pursuant to Rule 12(b)(6). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 516 (2002). Courts, however, are guided by the elements of an employment discrimination claim to determine whether the factual allegations plausibly suggest an entitlement to relief. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### ii.   *Prima Facie* **Pleading**

A plaintiff establishes a claim for disparate treatment by showing that: "(1) they belonged to a protected class; (2) they were qualified for their jobs; (3) they were subjected to an adverse employment action; and (4) similarly situated employees not in their protected class received more favorable treatment." *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Title VII prohibits consideration of "race, color, religion, sex, or national origin in employment practices," thereby establishing protected classes. 42 U.S.C. § 2000e-2(m). Plaintiff alleges that he is "of middle eastern origin, and Muslim", thus demonstrating that he belongs to a protected class.

Plaintiff's complaint does not directly plead that he was qualified to be a Material Engineer. This Court recognizes that to the contrary, Plaintiff's complaint indicates that a DOT performance appraisal found "improvement needed" based upon an acting supervisor's personal observations. Doc. No. 1, Compl. at ¶ 25. Yet, Plaintiff's complaint asserts that he worked as a Material Engineer for over ten years, from January 1999 to March 2009. Doc. No. 1, Compl. at ¶ 3. Plaintiff alleges, moreover, that he was given the opportunity to relocate to San Luis Obispo

along with his former position. Doc. No. 1, Compl. at ¶ 29. These factual allegations plausibly suggest that Plaintiff was qualified for his former position.

As discussed *supra*, Plaintiff sufficiently pled that he was subject to adverse employment actions. Plaintiff alleges that his position was transferred and he was demoted. *See Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000); *see also Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (1987).

Employees are similarly situated when they hold similar jobs and engage in similar conduct. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003); *see also Parayno v. Donahoe*, 479 F. App'x 764 (9th Cir. 2012) (discussing *Vasquez*). In this instance, *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108 (9th Cir. 2011) is particularly instructive. In *Earl v. Nielsen Media Research, Inc.*, Nielsen Media Research, Inc. ("Nielsen") terminated 59 year-old plaintiff Christine Earl's employment after she repeatedly violated company policy. *Id*. Earl filed, *inter alia*, an age discrimination claim against Nielsen. *Id.* at 1114. In relevant part, Earl's job at Nielsen required her to locate specific households that matched demographic requirements and sign them up to install television monitoring systems. *Id.* at 1110. In addition to having recently been diagnosed with a progressive neurological disorder, Earl incorrectly recorded a newly-recruited home's address. *Id.* at 1111. Nielsen terminated Earl's employment one month later. *Id.* Earl did not have direct evidence of age discrimination and relied on circumstantial evidence of younger, similarly situated employees who received more favorable treatment. *Id.* at 1113-19. Specifically, the *Earl* court found other employees similarly situated when they had the same job requirement of recruiting households and properly recording those households into Nielsen's database. *Id*. Earl provided evidence of three younger employees who violated Nielsen's policies by misrecording household addresses and recruiting households that did not meet the demographic requirements. *Id*. at 113-15. The court also found it significant that Nielsen's employees were evaluated by the same disciplinary procedure, from which Earl's discipline apparently deviated.

*Id*. Therefore, the *Nielsen* court found that subjection to the same job requirements, policies, and procedures was sufficient to constitute similarly situated employees. *Id*. at 1116. Thus, while employees need not have the same job for purposes of the claim, they must be similar in material respects, such as subjection to the same job requirements, policies, procedures, or standards.

This Court gathers that internal complaints were filed by both non-minority and minority employees. Plaintiff alleges the legal conclusion of "[l]ess favorable treatment of class members compared to non-protected individuals in the same situation." Doc. No. 1, Compl. at ¶ 38. Plaintiff also alleges that, "of all positions in the lab, Plaintiff's position was gone" and that he would begin taking assignments from two Caucasian employees who previously filed complaints against him. Doc. No. 1, Compl. at ¶ 39. Reading the complaint in the light most favorable to the Plaintiff, this Court understands these allegations to provide that of all employees who filed EEOC and EEO complaints, Plaintiff was the only employee whose employment was negatively impacted. However, Plaintiff does not show how the other non-minority employees were similarly situated beyond both classes filing EEO complaints. The complaint does not provide details indicating that the non-minority and minority EEO complaints were substantively similar, that the various complaints reported similar violations, or that different standards were applied to the substantively similar complaints. Likewise, Plaintiff does not allege that he and the non-minority employees held similar positions at the DOT.

Accordingly, the Plaintiff has insufficiently pled facts that plausibly suggest the Plaintiff is entitled to relief under a claim of disparate treatment.

### V.       Motion for a More Definite Statement

Defendant filed a motion for a more definite statement pursuant to Rule 12(e), alleging that, "Plaintiff's allegations are too vague to determine whether or not they could have impacted his work conditions." Doc. No. 15, Motion at 5.

**a. Legal Standard**

A party may move for a more definite statement of a pleading when the pleading is so vague or ambiguous to reasonably prepare a response. Fed. R. Civ. P. 12(e). Motions for a more definite statement attack a pleading's unintelligibility, not its mere lack of detail. *U.S. E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012). The motion is only proper where the respondent is unable to frame a response to the complaint. *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). For a complaint that alerts the defendant to the nature of the claim asserted and where discovery will otherwise provide the detail sought, motions for a more definite statement are not appropriate. *U.S. E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012). "Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

**b. Discussion**

This Court is able to glean from Plaintiff's complaint the nature of the employment discrimination claims, those being retaliation and disparate treatment, the factual allegations supporting the claims, and the parties against whom the allegations are charged. The details Defendant seeks are best achieved through discovery, not a motion for a more definite statement.

**VI.       Motion to Strike**

Defendant filed a motion to strike pursuant to Rule 12(f), seeking to strike grievances that are "not tied directly to [Plaintiff]." Doc. No. 15, Motion at 3.

**a. Legal Standard**

Under Federal Rule of Civil Procedure 12(f) the court may strike "any redundant, immaterial, impertinent, or scandalous matter" from a complaint. Fed. R. Civ. P. 12(f). This rule is intended to avoided unnecessary waste of time and money by eliminating spurious issues before

they are litigated. *See Mag Instrument, Inc. v. JS Products, Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008). "'Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.'" *Mag Instrument, Inc. v. JS Products, Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) quoting *Neilson v. Union Bank of Cal., N.A.,* 290 F.Supp.2d 1101, 1152 (C.D.Cal.2003). "The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion." *Cooper v. Sely*, 1:11-CV-00544-AWI, 2012 WL 5364502 (E.D. Cal. Oct. 30, 2012). A motion to strike should not be granted unless the matter undoubtedly has no possible bearing on the subject of the litigation. *In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 562 (N.D. Cal. 2009). Courts frequently require the moving party to show prejudice before granting motions to strike. *Mag Instrument, Inc. v. JS Products, Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008).

### b. Discussion

Defendant requested a motion to strike allegations that were not directly related to Plaintiff. Defendant does not allege that the material they seek stricken has a prejudicial effect or is otherwise harmful. Accordingly, the motion to strike is denied.

### VII.    Conclusion

Based on the foregoing, IT IS HEARBY ORDERED that:

1. Defendant's motion to dismiss the retaliation claim for lack of subject matter jurisdiction is DENIED;

2. Defendant's motion to dismiss the retaliation claim for failure to state a claim upon which relief can be granted is DENIED;

3. Defendant's motion to dismiss the disparate treatment claim for failure to state a claim upon which relief can be granted is GRANTED. Plaintiff shall have the opportunity to file and serve an amended complaint to cure deficiencies. Plaintiff is afforded thirty (30) days upon filing of this order to comply. Plaintiff may not amend any section of

the complaint outside of the scope of disparate treatment. If no amended complaint is filed within the applicable time, Defendant must file an answer within sixty (60) days of the filing of this order.

4. Defendant's motion for a more definite statement is DENIED; and

5. Defendant's motion to strike is DENIED.

IT IS SO ORDERED.

Dated:   August 5, 2014     _____

                           SENIOR  DISTRICT  JUDGE