# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSSEF SHAPOUR,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF CALIFORNIA, Department of Transportation,<br><br>　　　　Defendant. | Case No. 1:13-cv-01682-BAM<br><br>ORDER VACATING HEARING OF FEBRUARY 26, 2016<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER TO PREVENT PLAINTIFF FROM CALLING DIRECTOR MALCOM DOUGHERTY AT TRIAL<br>(Doc. 53) |

On January 27, 2016, Defendant State of California, Department of Transportation ("Defendant"), filed a motion for protective order to prevent Plaintiff from calling Malcolm Dougherty, the Director of the Department of Transportation ("Caltrans"), as a witness at trial.[1] Plaintiff did not file a timely opposition.[2]

The Court finds the matter suitable for resolution without the necessity of oral argument and the hearing scheduled for February 26, 2016, is HEREBY VACATED. The motion is deemed submitted. Local Rule 230(g).

---

[1] Defendant also filed an ex parte application to seal exhibits A-E in support of the motion. Doc. 57. By separate order, the Court has granted the application to seal.

[2] At the motion in limine hearing held in this matter on February 22, 2016, Plaintiff's counsel represented that he had not filed an opposition to the motion for protective order and did not intend to file any such opposition.

1

**I.    Background**

At the time of the events detailed in Plaintiff's complaint, Director Dougherty was the District Director for District 6 which includes Madera, Fresno, Tulare, Kings, and Kern counties. In his capacity as Director of District 6, Director Dougherty was involved in projects occurring throughout the Caltrans Central Region which also encompasses District 5 (Santa Cruz, San Benito, Monterey, San Luis Obispo, and Santa Barbara Counties), District 10 (Alpine, Amador, Calaveras, San Joaquin, Stanislaus, Tuolumne, Merced, and Mariposa Counties) and District 9 (Mono and Inyo Counties).  (Doc. 53 at 2).

Plaintiff worked in the Materials Testing Laboratory in Fresno under the supervision of Margaret Shaeffer.  Ms. Shaeffer reported to Robert James, a supervising transportation engineer.  Mr. James reported to Mark Der Matoian, the Chief of Construction for the Central Region.  Mr. Der Matoian reported to Director Dougherty when he was the District Director. Director Dougherty never worked directly with Plaintiff.

During the course of discovery Mr. Dougherty was not identified as a percipient witness, complainant or respondent in any of the Equal Employment Opportunity Program claims involving the employees of the Materials Testing Lab.  Mr. Dougherty received informational memoranda from the Discrimination Complaint Investigation Unit (DCIU), based in Sacramento, and outside his chain of command (until his appointment as Director). When DCIU complaints were not substantiated, Mr. Dougherty received notices of case closure and no further action was taken. When DCIU investigations substantiated claims, Mr. Dougherty was also notified of those findings and corrective action was taken by the offending employee's supervisor in consultation with the district's administration. Mr. Dougherty then signed off on an informational memorandum to the Equal Employment Opportunity Program indicating that corrective action was taken.  Additionally, at his deposition, Plaintiff reportedly identified Director Dougherty as a cc recipient of an e-mail sent on October 30, 2008.

**II.    Discussion**

Federal Rule of Evidence Rule 611 provides that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1)

make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611.

Defendant argues that if the Plaintiff's purpose is to determine the truth, it would be more effective to question witnesses who have personal knowledge of the events described, "rather than harass an appointee who was a cc recipient of a rambling e-mail." Doc. 53 at 4. Defendant indicates that Plaintiff can provide testimony regarding his own e-mail, which does not allege any act of retaliation against Plaintiff or by Director Dougherty. Defendant further reports that Director Dougherty was not involved in the process of investigating Plaintiff's complaints. Per Defendant, Director Dougherty's only involvement in any investigations by the Discrimination Complaint Investigation Unit in Sacramento included (1) receipt of notices of case closures; and (2) transmittal of a notice of corrective taken by the employee's second line supervisor. Doc. 53 at 5. Defendant contends that Director Dougherty should not be compelled to testify absent extraordinary circumstances.

As noted, Plaintiff does not object to the motion. Given the lack of opposition, the Court finds a protective order warranted to preclude Plaintiff from calling Director Dougherty as a witness at trial. It appears that Director Dougherty was not involved in the events at issue in this action with the possible exception to his receipt of an e-mail and other reports regarding complaint investigations and protective actions. There is no indication that Director Dougherty's testimony would be other than cumulative or indirect evidence.

### III. Conclusion and Order

For the reasons stated, Defendant's motion for protective order to prevent Plaintiff from calling Director Malcolm Dougherty at trial is HEREBY GRANTED.

IT IS SO ORDERED.

Dated: **February 23, 2016**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE