# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSSEF SHAPOUR,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF CALIFORNIA, Department of Transportation,<br><br>　　　　　Defendant. | Case No. 1:13-cv-01682-BAM<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS IN LIMINE**<br><br>(Docs. 59, 60, 61, 62, 63, 64, 65, 66) |

　　　　This action proceeds on Plaintiff Youssef Shapour's claim against the State of California Department of Transportation under Title VII of the Civil Rights Act of 1964 for employment discrimination based on retaliation for engaging in a protected activity. (Docs. 1, 30). A jury trial is scheduled for March 8, 2016.

　　　　Defendant filed its motions in limine on February 2, 2016. (Docs. 59-66). Plaintiff opposed the motions on February 12, 2016, and filed a supplemental opposition to Defendant's motion to exclude the testimony of Dr. Chann on February 17, 2017. (Docs. 70, 72). Defendant's motions in limine were heard before the Honorable Barbara A. McAuliffe on February 22, 2016. Kevin Little appeared on behalf of Plaintiff Youssef Shapour. Matthew George appeared telephonically on behalf of Defendant State of California, Department of Transportation.

1

I. **Allegations at Issue**

Plaintiff began employment at the State of California, Department of Transportation ("Caltrans") in 1989. From January 1999 to March 2009, he was employed as a Material Engineer in the Fresno Materials Laboratory. Plaintiff is of Middle Eastern origin and is Muslim. Compl. at ¶ 3.

Beginning in the summer of 2007, the Fresno Materials Laboratory became polarized between Christian-Caucasian employees and Asian, Indian, and Middle Eastern employees. Compl. at ¶¶ 5-9. Two Caucasian employees played loud Christian music on a daily basis, "made an issue" about the safety of a microwave and a refrigerator, complained about "foreign-born employee[']s" apparel and work habits, and refused to cooperate or perform certain tasks. Compl. at ¶¶ 6, 8, 9.

In March 2008, Plaintiff approached his lab supervisor for help dealing with the hostile work environment and the Caucasian employees. The supervisor told Plaintiff that an Equal Employment Opportunity ("EEO") complaint had already been filed against the Caucasian employees and that the supervisor had been warned not to take any action against the Caucasian employees. Compl. at ¶ 11. In March and April of 2008, Caucasian employees filed internal EEO complaints against Plaintiff and his supervisor, who was also a foreign-born employee. Compl. at ¶ 12.

In April 2008, a managerial inquiry was conducted to improve the Fresno Materials Laboratory work environment. Compl. at ¶ 13. On May 5, 2008, a managerial inquiry consultant interviewed Plaintiff as part of the managerial inquiry. The interviewer reportedly was a "retired deputy for administration" and friend of the construction manager against whom Plaintiff's supervisor had filed a complaint. Plaintiff informed the interviewer about the Christian music, verbal abuse, and retaliation. Plaintiff also relayed incidents involving a female employee who

was verbally abused, a foreign-born employee who filed a work place violence complaint and an African-American employee who had been subjected to racial slurs. Additionally, Plaintiff provided the interviewer with a list of former co-workers that had to "put up with" loud religious music and could provide some information about a Caucasian employee who downloaded and viewed pornographic materials at work. Plaintiff further informed the interviewer about internal EEO complaints against Plaintiff. Compl. at ¶¶ 14-18.

In late-May 2008, Plaintiff's supervisor was relocated, reportedly based on allegations from two Caucasian employees. Compl. at ¶ 19. Plaintiff's former supervisor was "eventually separated from state service altogether." Doc. 26 at 2.

In mid-October 2008, Plaintiff learned that a foreign-born engineer had received notice to report to a different office in two weeks. Compl. at ¶ 20.

On October 30, 2008, Plaintiff sent an email to the interviewer and numerous managers and supervisors "seeking help," alerting them to "EEO violations by … two Caucasian employees," and "construction management's cover up." Compl. at ¶ 21.

On November 25, 2008, Plaintiff was issued a warning letter "based on internal EEO findings." Compl. at ¶ 24. In "[l]ate November, early December," the acting supervisor conducted a performance appraisal of Plaintiff and indicated that improvement was needed in Plaintiff's "Relation with People." Compl. at ¶ 25. On January 12, 2009, Plaintiff's position as Material Engineer was transferred to San Luis Obispo. Compl. at ¶ 25.

Plaintiff submitted an Equal Employment Opportunity Commission ("EEOC") complaint form on January 14, 2009, and an internal EEO complaint on January 16, 2009. Compl. at ¶¶ 30-31. On February 13, 2009, Plaintiff's "temporary supervisor" spoke with him in an "intimidating manner" regarding the "EEO issues." Compl. at ¶ 33. On July 22, 2013, the EEOC concluded that it was unable to establish that Caltrans violated Title VII and issued Plaintiff a right to sue

letter. Compl. Exhibit 1.

## II. Motions in Limine ("MIL")

### A. Standard

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until trial when the judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

### B. Defendant's MILs

**MIL 1 (Doc. 59):** Defendant moves to preclude any reference, question or comment on allegations that one of Defendant's employees allegedly stalked another female employee as prejudicial and improper character evidence. Fed. R. Evid. 403, 405(b), 608(b). Defendant notes that Plaintiff reportedly made such allegations to a supervisor and in a supplement to an EEOC investigator.

Plaintiff opposes the motion, "which seeks to preclude any mention of the handling of complaints by a female co-worker related to stalking allegations against one of the co-workers

involved in this case. Plaintiff was found to have discriminated against this same Caucasian Christian co-worker, despite plaintiff's having had no prior complaint history, and even though the co-workers' alleged discrimination was not substantiated by any third party or document." Doc. 70 at 1-2. Plaintiff argues that disparate treatment of co-workers in similar situations is circumstantial evidence of discriminatory intent and such evidence is admissible in a Title VII action.

The Court finds allegations that one of Defendant's employees purportedly stalked another employee are not relevant to Plaintiff's claim of retaliation for engaging in protected conduct. Fed. R. Evid. 401. To be protected activity, the conduct opposed must be within the conduct proscribed by Title VII. 42 U.S.C. §2000-3. Opposition to a discriminatory act by a co-work cannot support a retaliation claim. Further, even if relevant, the probative value of such evidence is substantially outweighed by a danger of unfair prejudice and confusing the issues to be presented to the jury. Fed. R. Evid. 403. Defendant's motion in limine shall be granted.

**MIL 2 (Doc. 60):** Defendant seeks an order that enjoins any mention of an employee viewing pornography on State time, or on State owned equipment. Defendant argues that evidence of the incident, which occurred prior to the employee's tenure in the Materials Testing Lab, is irrelevant, prohibited character evidence and prejudicial. Fed. R. Evid. 401, 403, 404(b).

Plaintiff believes that evidence of employee Bryan Ash's misuse of government equipment and watching pornography on his office computer during work hours is relevant "because the discipline against the plaintiff was based on the uncorroborated word of this same witness, and many co-workers were not even interviewed as part of the 'investigation' into Ash's allegations." Doc. 70 at 2. Plaintiff argues that how an employer acts during an investigation into alleged wrongdoing and its reliance on evidence from a questionable source is relevant to prove discriminatory intent.

The Court finds that evidence of an employee viewing pornography on State time or on State owned equipment is not relevant to Plaintiff's claim of retaliation for engaging in protected activity. Fed. R. Evid. 401. To be protected activity, the conduct opposed must be within the conduct proscribed by Title VII. 42 U.S.C. §2000-3. Any alleged defrauding the State or potential embezzlement is not within Title VII. Additionally, even if relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and confusing the issues. Fed. R. Evid. 403. Defendant's motion shall be granted.

**MIL 3 (Doc. 61)**: Defendant seeks an order to preclude opinion evidence of constructive discharge or termination. Plaintiff represents that he does not intend to say that he was constructively terminated, only that he was in essence demoted for engaging in protected EEO activity. As Plaintiff does not raise an opposition, Defendant's motion shall be granted.

**MIL 4 (Doc. 62):** Defendant seeks an order specifically preventing Plaintiff from calling Dr. Chann to testify at trial. Although Plaintiff's association with Dr. Chann began in 2010, Plaintiff did not disclose Dr. Chann as a witness in his initial disclosures or in his expert disclosures. Expert discovery closed on September 30, 2015, and Plaintiff did not disclose Dr. Chann until October 8, 2015. Defendant argues that the failure to disclose was neither substantially justified nor harmless. Fed. R. Civ. P. 37(c). Defendant also indicates that Plaintiff's offer to make the doctor available for deposition was withdrawn unless a quid pro quo was offered.

Plaintiff filed two responses to this motion. According to the first response, Plaintiff states that Dr. Jagmeet Chann, Plaintiff's psychiatrist, has refused to cooperate with Plaintiff's attorney and has indicated that she will not testify even if subpoenaed. Plaintiff represents that Dr. Chann will not be a trial witness. Doc. 70 at 3.

According to the second response, which was untimely, Plaintiff represents that counsel

has learned that Dr. Chann is cooperative and willing to appear at trial. Plaintiff indicates that Dr. Chann's information was provided to defense counsel during the course of Plaintiff's deposition, defense counsel never sought to depose Dr. Chann, Defendant propounded other discovery outside the cutoff to which Plaintiff responded without objection, and Plaintiff offered to make Dr. Chann available for deposition as late as last month.

At the hearing, the parties indicated that Dr. Chann's medical records were not received or turned over to counsel until last week. Plaintiff indicated that Dr. Chann sent the medical records to Plaintiff via an incorrect email address and the documents were provided immediately when Plaintiff discovered Dr. Chann's error. Further, it appears that Dr. Chann did not provide treatment until 2010, well after the events of late 2008 and early 2009 at issue in this action. As Dr. Chann was not disclosed as an expert witness or timely as a percipient witness, there was a delay in the receipt of the relevant medical records and Dr. Chann did not provide contemporaneous treatment, Defendant's motion shall be granted and Dr. Chann's testimony, either as an expert or percipient witness, will be excluded from trial. Plaintiff will be able to testify regarding damages at trial, including any assertions of pain and suffering.

**MIL 5 (Doc. 63):** Defendant moves to preclude introduction of evidence regarding an adverse action taken against Plaintiff's supervisor, including the supervisor's adverse action file. Defendant contends that the former supervisor has a privacy interest in his employment actions, the evidence is of limited relevance, and the evidence will confuse the issues for the jury. Fed. R. Evid. 403. Defendant's admit that an adverse employment action taken against the Plaintiff's supervisor is only relevant insofar as it might establish that Plaintiff testified, assisted, or participated in Title VII enforcement proceedings.

Plaintiff reports that both he and Mr. Sekhon were disciplined for alleged religious discrimination against the Caucasian Christian co-workers. Plaintiff circulated a petition

objecting to his supervisor's treatment and alleges he was retaliated against by the defendant as a result.  Plaintiff argues that it would be virtually impossible to exclude this evidence.  Plaintiff asserts that an "employer can violate the anti-retaliation provisions of Title VII in either of two ways: (1) 'if the [adverse employment action] occurs because of the employee's opposition to conduct made an unlawful employment practice by [Title VII], or (2) if it is in retaliation for the employee's participation in the machinery set up by Title VII to enforce its provisions." *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997).  Plaintiff further argues that the jury cannot decide if Plaintiff was retaliated against on the basis of his complaint or if the Plaintiff's original complaint pertained to conduct protected by Title VII unless it knows the attendant facts.  Plaintiff also asserts that he has the burden to prove that his actions preceding the reprisal were reasonably well founded.

As discussed at the hearing, Mr. Sekhon's adverse action file will be excluded.  Defendant's motion will be granted without prejudice to a challenge from Plaintiff at trial because issues regarding Plaintiff's participation in Mr. Sekhon's Title VII proceedings are fundamental to his claims regarding retaliation.

**MIL 6 (Doc. 64):** Defendant moves to preclude the introduction of evidence regarding an alleged slur or slurs against African Americans.  Defendant argues that any such evidence is irrelevant, highly prejudicial, lacking probative value and impermissible character evidence.  Defendant indicates that Plaintiff is of Middle Eastern ancestry and was never the target of a racial slur at the laboratory.  Defendant seeks an order that (1) prevents the Plaintiff or any other witness from presenting evidence regarding any alleged racial slur that did not involve the witness as a victim or perpetrator or individual with personal knowledge; and (2) prevents the Plaintiff or any other witness from presenting evidence regarding any alleged racial slur that does not involve Plaintiff's ethnicity or race.

Plaintiff argues that regardless of the target of the bigoted comments, evidence that a workplace was permeated with discrimination that was tolerated by the employer is admissible in a Title VII case. Plaintiff further argues that he is alleging reprisal for objecting to discrimination against a non-Muslim.

Having considered the parties' arguments, the Court finds that evidence of alleged racial slurs against Plaintiff's African-American co-workers is not relevant to Plaintiff's claim of retaliation for engaging in protected activity. Fed. R. Evid. 401. This case is not a hostile work environment case, but a retaliation case. To be protected activity, the conduct opposed must be within the conduct proscribed by Title VII. 42 U.S.C. §2000-3. Opposition to a discriminatory act by a co-work cannot support a retaliation claim. Defendant's motion shall be granted subject to context at trial.

**MIL 7 (Doc. 65)**: Defendant moves for an order preventing Plaintiff from presenting evidence regarding any alleged workplace violence incident that did not involve him as a victim, perpetrator or witness. Defendant identifies the incidents as one taking place in 2001 or 2002 that was not pursued at the behest of the victim and one based on Plaintiff's belief that a former coworker should have been written up for an interaction with a third party even though Plaintiff was not present during the alleged incident. Defendant argues that such incidents are not relevant and involve speculation. Plaintiff admitted that he was never a victim of workplace violence at the lab.

Plaintiff represents that Defendant's seek to exclude testimony and evidence regarding allegations of workplace violence involving Mark Miller, one the co-workers against whom Plaintiff allegedly discriminated against on the basis of religion. Plaintiff argues that "how co-workers are treated under analogous circumstances is circumstantial evidence of discriminatory intent, and such evidence is relevant and admissible in a Title VII action such as this." Doc. 70

at 4.

The Court finds that allegations of workplace violence involving Plaintiff's co-workers are not relevant to Plaintiff's claim of retaliation for engaging in protected activity. Fed. R. Evid. 401. To be protected activity, the conduct opposed must be within the conduct described by Title VII. 42 U.S.C. §2000-3. Opposition to a purported discriminatory act by a co-work cannot support a retaliation claim. Defendant's motion shall be granted subject to context at trial.

**MIL 8 (Doc. 66)**: Defendant seeks to preclude lay witness opinion testimony on retaliation as improper and prejudicial. Defendant argues that Plaintiff conflates the legal and common meanings of retaliation. For example, Plaintiff cites retaliation by coworkers involving the removal of microwave ovens, which is not the legal meaning of retaliation in this case.

At the hearing, Plaintiff did not object. Defendant's motion shall be granted.

### III.   Conclusion and Order

For the reasons stated, it is HEREBY ORDERED as follows:

1. Defendant's motion in limine to preclude an reference, question or comment on allegations that one of Defendant's employees allegedly stalked another female employee is GRANTED;

2. Defendant's motion in limine to enjoin any mention of an employee viewing pornography on State time or on State owned equipment is GRANTED:

3. Defendant's motion in limine to preclude opinion evidence of constructive discharge or termination is GRANTED;

4. Defendant's motion in limine to prevent Plaintiff from calling Dr. Chann to testify at trial is GRANTED;

5. Defendant's motion in limine to preclude introduction of evidence regarding an adverse action taken against Plaintiff's supervisor, including the supervisor's adverse action file is

GRANTED without prejudice to a challenge from Plaintiff at trial;

6. Defendant's motion in limine to preclude the introduction of evidence regarding an alleged slur or slurs against African Americans is GRANTED;

7. Defendant's motion in limine to prevent Plaintiff from presenting evidence regarding any workplace violence incident that did not involve him as a victim, perpetrator or witness is GRANTED subject to context at trial.

8. Defendant's motion in limine to preclude lay witness opinion testimony on retaliation is GRANTED.

IT IS SO ORDERED.

Dated: **February 23, 2016**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE