# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSSEF SHAPOUR,<br><br>        Plaintiff,<br><br>   vs.<br><br>STATE OF CALIFORNIA, Department of Transportation,<br><br>        Defendant. | Case No. 1:13-cv-01682-BAM<br><br>**ORDER RE PLAINTIFF'S MOTIONS IN LIMINE**<br><br>(Doc. 67) |

      This action proceeds on Plaintiff Youssef Shapour's claim against the State of California Department of Transportation under Title VII of the Civil Rights Act of 1964 for employment discrimination based on retaliation for engaging in a protected activity.  Docs. 1, 30.  A jury trial is scheduled for March 8, 2016.

      Plaintiff filed his motions in limine on February 2, 2016.  (Doc. 67).  Defendant opposed the motion on February 12, 2016.  (Doc. 68).  Plaintiff's motions in limine were heard before the Honorable Barbara A. McAuliffe on February 22, 2016.  Kevin Little appeared on behalf of Plaintiff Youssef Shapour.  Matthew George appeared telephonically on behalf of Defendant State of California, Department of Transportation.

///

///

1

**I.    Motions in Limine**

    **A. Standard**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury. *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. *Sperberg v. Goodyear Tire & Rubber, Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until trial when the judge can better estimate the impact of the evidence on the jury. *Jonasson*, 115 F.3d at 440.

    **B. Plaintiff's Motions In Limine ("MIL")**

**MIL 1**: Plaintiff moves for an extended period of voir dire (30 minutes) to follow-up on potential anti-Muslim bias. Plaintiff also requests "more than the typical number of alternates" because he believes there is a greater chance jurors may be recused or disqualified. Defendant does not object to extended voir dire, but requests the same leeway to ascertain sectarian malice. Defendant does not object to the request for more alternates.

As Defendant does not object, Plaintiff's motion shall be granted.

**MIL 2**: Plaintiff seeks to introduce evidence of the discrimination and retaliation that he felt his supervisor, Ron Sekhon, who is of Indian descent, suffered. Plaintiff asserts that his claim of retaliation is based, in part, on Caltrans' handling of complaints made by Christian employees against his supervisor. Plaintiff reportedly circulated a petition objecting to his supervisor's treatment and shortly thereafter he was pressured to transfer.

In response, Defendant contends that the motion should be denied because it fails to identify the evidence Plaintiff seeks to introduce. Defendant notes that there were 2 formal EEO complaints against the former supervisor, along with other complaints for retaliation, denying medical leave to a suicidal employee and confronting a safety officer in the parking lot. Defendant argues that evidence of complaints against the supervisor may result in jury confusion and waste of judicial time. Defendant indicates that the petition referred to does not include any language objecting to his supervisor's treatment.

The Court defers ruling on this motion in its entirety until trial. However, as discussed at the hearing, Plaintiff is not precluded from testifying about his participation in the investigation of the complaints against his supervisor, Mr. Sekhon, but the ultimate findings involving Plaintiff's supervisor are not relevant and shall be excluded. Moreover, the handling of the complaints made by Christian employees against his supervisor is irrelevant to whether Plaintiff was retaliated against for Plaintiff's participation in the proceeding. Additionally, the Court will not permit a trial of the supervisor's adverse employment action.

**MIL 3**: Plaintiff objects to any matters over which the defendant claimed a privilege in discovery being used at trial.

During the course of the hearing, Plaintiff clarified that the crux of his motion is to preclude witness testimony related to any statements relied upon by Mr. Tim Bullivant during the course of his investigation of the religious discrimination complaint against Plaintiff. According to Plaintiff, there were tapes made of the witness statements, which were not produced during the course of discovery. The witness statements were included in the investigation report.

Defendant indicated that it did not intend to proffer testimony from witnesses regarding the investigation with the exception of Mr. Bullivant and witness Brian Ash. Mr. Ash made a related complaint involving religious discrimination against Plaintiff and provided statements to Mr. Bullivant.

Having considered the parties' arguments, Plaintiff's motion in limine shall be granted in part and denied in part. The relevant report shall be admitted subject to objection at trial.

Further, Mr. Bullivant's testimony shall be limited to the process he engaged in during the course of the investigation and the statements in the report.

**MIL 4**: Plaintiff seeks to preclude the introduction of insulting remarks he made during his deposition regarding his former supervisor, Margaret Schaeffer. Plaintiff believes his "unfortunate choice of words" would be far more prejudicial than probative. Fed. R. Evid. 403. Plaintiff also believes the evidence is impermissible "bad character evidence." Fed. R. Evid. 404.

Defendant asserts that the statements are relevant to Plaintiff's then-attitude toward his supervisors and the retired interviewer, and are also relevant to Plaintiff's bias and the reasonableness, or lack thereof, of his belief that he was retaliated against or made protected disclosures. Defendant also asserts that the statements bear on Plaintiff's credibility and state of mind. Defendant contends that one of the issues is whether Plaintiff's acting supervisor revised his duty statement and, if she did, whether she did for legitimate business reasons or as an amanuensis for the Chief of Construction because she was incapable of doing so on her own.

The Court finds that Plaintiff's statements are relevant to his state of mind and are not more prejudicial than probative. Fed. R. Evid. 403. Additionally, these statements are not impermissible character evidence and will not be introduced for the truth of Plaintiff's statements. Therefore, Plaintiff's motion to exclude evidence of his statements regarding Ms. Schaeffer shall be denied.

**MIL 5**: Plaintiff seeks to introduce evidence of how the investigations into complaints against him and Mr. Sekhon were performed in comparison to investigations of complaints filed by him. Plaintiff believes this is potential evidence of disparate treatment and retaliatory intent.

Defendant argues that investigation into complaints against non-parties is irrelevant. Defendant contends that any such evidence of complaints against Plaintiff's supervisor could only serve to confuse the jury. Plaintiff does not identify the complaints he references in his motion, either against his supervisor or those made by Plaintiff. Defendant also points out that Plaintiff made different complaints to different agencies, so differences in the investigative

process are inevitable. Defendant argues that a comparison of how the investigations were performed would be meaningless and confusing because of the differing agencies.

The Court finds that the method of investigation of various claims is irrelevant to Plaintiff's retaliation claim and further would consume time for a "trial within a trial." Fed. R. Evid. 401, 403. Plaintiff's assertion of disparate treatment is not a surviving claim in this action.

## II.     Conclusion and Order

For the reasons stated, it is HEREBY ORDERED as follows:

1. Plaintiff's motion in limine #1 is GRANTED;

2. Plaintiff's motion in limine #2 is DEFERRED. Plaintiff is not precluded from testifying about his participation in the investigation of the complaints against his supervisor, Mr. Sekhon, but the handling of the investigation and the ultimate findings involving Plaintiff's supervisor are not relevant and shall be excluded;

3. Plaintiff's motion in limine #3 is GRANTED IN PART and DENIED IN PART. The relevant report shall be admitted subject to objection at trial. Further, Mr. Bullivant's testimony shall be limited to the process he engaged in during the course of the investigation and the statements in the report;

4. Plaintiff's motion in limine #4 is DENIED; and

5. Plaintiff's motion in limine #5 is DENIED.

IT IS SO ORDERED.

Dated:   **February 23, 2016**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE